UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEITH ALLISON, | ) |
|           Plaintiff | ) |
| v. | ) Civil Action No. |
| BOARD OF EDUCATION OF GREEN LOCAL SCHOOL DISTRICT, a body politic and corporate, | ) DEMAND FOR JURY TRIAL |
| and | ) |
| FRANK BESANCON, BRAD YOCHHEIM, BRENT STEINER, MELISSA CRAEMER SMITH, SCOTT BOYES, and JUDITH ROBINSON, in their official and individual capacities, | ) |
|           Defendants. | ) |

## COMPLAINT

1. This action is brought to vindicate the Constitutional rights of Plaintiff Keith Allison, a public school teacher who was removed from his position because he posted a statement on Facebook, on his own time, off of school grounds, that urged readers to choose plant-based milk over cow's milk.

1

## JURISDICTION AND VENUE

2. This action is brought under the Constitution of the United States and 42 U.S.C. § 1983. It presents a federal question within this Court's jurisdiction under 28 U.S.C. § 1331 and the Constitution of the United States.

3. Venue is proper in this district because the defendants reside in the district and a substantial portion of the acts or omissions that give rise to this suit occurred within the district.

## PARTIES

4. Plaintiff Keith Allison is a state-licensed educator and a teacher at Green Local School District in Smithville, Wayne County, Ohio.

5. Defendant Board of Education of Green Local School District is a corporate body and a political subdivision of the State of Ohio.

6. Defendant Frank Besancon is President and a member of the Board of Education of Green Local School District. He is sued in his official and individual capacities.

7. Defendant Brad Yochheim is Vice President and a member of the Board of Education of Green Local School District. He is sued in his official and individual capacities.

8. Defendant Brent Steiner is a member of the Board of Education of Green Local School District. He is sued in his official and individual capacities.

9. Defendant Melissa Craemer Smith was a member of the Board of Education of Green Local School District until she resigned in February 2015. She is sued in her individual capacity.

10. Defendant Scott Boyes is a member of the Board of Education of Green Local School District. He is sued in his official and individual capacities.

11. Defendant Judy Robinson is Superintendent of Green Local School District. She is sued in her official and individual capacities.

12. At all times relevant to this complaint, Defendants acted under color of state law.

## FACTS

13. Keith Allison has held an Ohio's teacher license in the area of early education since 2009. He holds a bachelor's degree from Manchester College and a "Bachelor's Plus" from Ashland University.

14. Allison has also chosen, based on his deeply held moral convictions, to abstain from consuming animal products. Allison believes in nonviolence against humans and animals. Allison's practice of veganism and belief in non-violence has never detrimentally affected his performance as a teacher. To the contrary, his enthusiasm for the students' well-being has been praised by parents and his supervisors.

15. In October of 2013, Allison accepted a position with Green Local School District as a teacher of elementary students under the District's Title I program. Although commonly referred to as "tutors," the professionals who occupy these positions are required to hold a state teaching license and are considered teachers under state law and district policy.

16. Title I of the Elementary and Secondary Education Act, 20 U.S.C. § 6301 et seq., ("Title I") provides federal funding to school districts to allow them to provide supplemental educational support. Green Local School District uses Title I funding "to pay for additional staff and targeted curriculum materials" to provide targeted, additional academic support to select students in kindergarten through fifth grade. http://www.green-local.k12.oh.us/sites/green-local.k12.oh.us/files/files/Title%20One%20Overview.docx. As a condition of this funding, the school district must adhere to detailed federal statutory and regulatory requirements specifying

the qualifications of Title I teachers. *See* 20 U.S.C. § 6319. The required qualifications focus on teacher effectiveness. They do not require teachers to support dairy farming, nor do they require teachers to avoid expressing views on dairy products. During all times relevant to the complaint, Allison was a highly qualified teacher within the meaning of the Title I program.

17. Allison worked as a Title I teacher during the 2013-2014 school year to provide extra assistance to select children at Green Local School District's elementary school. During the year, he had an excellent relationship with his co-workers and supervisors, and was well liked by his parents and students. Allison's final overall rating in April 2014 was "accomplished," which is the highest rating available.

18. In August, 2014, Allison received and accepted an offer to work as a Title I tutor in Green Elementary School for another school year. As a result of this offer, Allison stopped looking for other employment.

19. Allison reported to work on August 18, 2014, and began work as a Title I tutor. The following day, he was called into a meeting with Principal Chris Miller and Defendant Judy Robinson. Defendant Robinson questioned Allison about a Facebook post Allison had made over the summer. Attached as Exhibit A to the complaint is a copy of the contents of the Facebook post. The post stated:

> This place is five miles from my house and, for those who don't already know, these are crates to house baby dairy cows who are separated from their mothers usually within a day of birth. As someone who grew up feeling parental love and support and now as a parent who gives parental love and support, I reject the claim that separating babies from loving mothers to raise them isolated in boxes can ever be considered humane. –Keith
>
> The cruelty of separation, loneliness, and infant slaughter lingers inside each glass of cow's milk. Your voice can help change the system. You don't have to support this. Plant-based milks are everywhere and are delicious.

4

20. Included in the post were two copies of a photograph (one copy was an enlarged detail from the original photo) that Allison had taken from his car on a public street. The photograph depicted young calves isolated in small crates. The photograph did not show any person, human residence, or location information. At the time he made the post, Allison did not know who owned the property. The post was made on Allison's personal Facebook page using his own personal computer, and it was made during the summer months before the school year started.

21. At the meeting with Allison, Defendant Robinson explained that Wayne County had a large number of dairy farmers, and that teachers needed to be careful not to offend the local agricultural industry. Defendant Robinson instructed Allison that he was free to believe whatever he wished, but that if he wished to continue to engage in vegan advocacy outside of work, he should reconsider being a teacher. At this meeting, Defendant Robinson also told Allison that Allison's pay rate would be retroactively lowered for the hours he had already worked, and that he would be paid at the rate of a substitute teacher instead of a Title I professional.

22. The Green Local School District's policy was reiterated by Defendant Robinson in an email sent by her to the five Defendant board members on August 22, 2014: "[W]e need our teachers to really consider the whole community when doing these sort of things [making statements on social media], especially when our biggest tax payers are dairy farmers." Exhibit B.

23. Until his meeting with Defendant Robinson, Allison had never been told that the District had a policy that prohibited vegan advocacy outside of work. Nor had Allison been

5

informed that District teachers were permitted only to express viewpoints, during their personal time, that were consistent with the beliefs of the largest taxpayers of the District.

24. During the August 18, 2014, board meeting, Defendant board members chose not to approve Allison's contract as a Title I teacher for the 2014-15 year. The only basis for the non-approval of Allison's contract was his Facebook post supporting plant-based milk. Mr. Allison's contract renewal had been on the agenda, along with other Title I tutor contract renewals, for that board meeting; if Mr. Allison had not made that Facebook post, his contract as a Title I teacher would have been renewed by the Defendants.

25. Allison was nevertheless instructed to continue his work as a Title I tutor, and he worked for the remainder of the week. At the end of the week, Defendant Robinson instructed Principal Chris Miller to inform Allison that Defendants were no longer going to have Allison fill the Title I position.

26. The unusual nature of Defendants' actions against Allison sparked rumors in the small Green Local School District community where he lives. Some members of the staff and the community believed that Allison had been "labeled a terrorist" by Defendants or that he had been banned from school grounds.

27. The reprisal against Allison for his Facebook post continued months later. In November 2014, Allison accepted an offer to work for Green Local School District as a substitute teacher for one day. However, Defendants rescinded this substitute appointment on the basis of Allison's earlier Facebook post.

28. In January 2015, following counsel's demand letter and local, national, and international outrage over Defendants' actions, the District offered Allison a position as a Title I tutor for students in the District's Middle School. Although the Middle School position pays the

6

same salary as the Elementary School position, the position is significantly different.  There are large differences between elementary school and middle school in the nature of the content being taught and the level of the students.  Moreover, in the current position, Allison spends much less of his time with small groups than he did in his previous position.   Upon information and belief, Defendants refuse to consider Allison for any position in Green Elementary School in continued retaliation for Allison's Facebook post, in spite of Allison's qualification for such a position.

29.	Allison has successfully worked as a Title I teacher at the Green Local School's Middle School since January 2015.  However, he remains anxious that the District will once more discipline him for his protected speech.  As a result, Allison has been forced to limit his out-of-work personal speech.  For example, at times he has chosen not to "like" other Facebook members' posts out of concern that a community member or taxpayer might disagree with the view and cause him to again be removed from his position.  Nevertheless, although he has been forced to choose the public statements he makes more carefully, Allison has continued, and will continue, to speak out in his capacity as a citizen on matters that are important to him, including his personal belief in the better treatment of animals.

**COUNT ONE:  VIOLATION OF FEDERAL AND STATE CONSTITUTIONAL RIGHTS**

30.	Plaintiff incorporates paragraphs 1 through 29 of his Complaint as if they were fully stated here.

31.	The First Amendment to the United States Constitution, as made applicable to the states and their political subdivisions through the Fourteenth Amendment, guarantees Americans the freedom of speech.  Similarly, Ohio's Constitution provides that "[e]very citizen may freely speak, write, and publish his sentiments on all subjects."  Defendants have violated these Constitutional guarantees, causing harm to Plaintiff.

32. Defendants violated Allison's constitutional rights by retaliating against him on the basis of his constitutionally-protected speech. Allison's speech was on a matter of public concern, and was made in his capacity as a private citizen. Defendants had no valid interest that would justify punishing or censoring Allison for his commentary on dairy farming. In the alternative, any interest that Defendants had was outweighed by Allison's interest in speaking, as a private citizen, on an issue of political and social importance. Defendants retaliated against Allison for this constitutionally-protected speech by revoking his offer of employment as a Title I tutor, refusing to hire him as a substitute teacher, and retroactively docking his pay.

33. Defendants further violated, and continue to violate Allison's constitutional rights by failing to provide sufficient notice to teachers of when their First Amendment activities could lead to separation or other punishment. No reasonable teacher would have had notice that she or he could be punished for writing a Facebook post that urged readers to choose plant-based milk over cow milk.

34. Defendants further violated, and continue to violate, Allison's constitutional rights by discriminating against his speech based on the viewpoint he expressed. Had Allison spoken in favor of dairy farming, he would not have been punished. A school district has no legitimate interest that would justify punishing out-of-work speech because it is anti-dairy instead of pro-dairy.

35. Defendants further violated, and continue to violate, Allison's constitutional rights by adopting a policy that teachers are not permitted to speak on matters of public concern, outside of work, if a member of the community or a local taxpayer disagrees with the content of that speech. Prohibiting teachers from contributing to community debate harms the teachers and the community alike. Both facially and as applied, this policy violates the First Amendment.

36. Defendants further violated, and continue to violate, Allison's constitutional rights by punishing him under a policy on outside speech that is overbroad and vague, and by demanding that all employees comply with overbroad and vague restrictions which chill a substantial amount of First Amendment-protected activity.

37. As a result of Defendants' actions, Allison has suffered and continues to suffer economic and noneconomic injuries.

WHEREFORE, Allison asks the Court to enter judgment against Defendants, jointly and severally, declare that Defendants violated his constitutional rights, award him all compensatory damages, including back pay and front pay, to which he is entitled, enjoin Defendants from applying or enforcing unconstitutional restrictions on employee speech, reinstate or instate him to his Title I position in Green Elementary School, award attorney's fees, as authorized by 42 U.S.C. § 1988 or other law, and award all other legal and equitable relief to which he may be entitled.

                Respectfully Submitted,

                /s/ Joseph Mead____
                Joseph Mead (0091903)
                Trial Attorney for Plaintiff
                Freda J. Levenson (0045916)
                Drew S. Dennis (0089752)
                ACLU of Ohio Foundation, Inc.
                4506 Chester Avenue
                Cleveland, Ohio 44103
                Tel: (216) 472-2220
                Fax: (216) 472-2210
                j.mead@csuohio.edu
                flevenson@acluohio.org
                ddennis@acluohio.org

                Gabriel Walters*
                PETA Foundation
                1536 16th Street NW
                Washington, DC 20036

Tel: (202) 483-7382
Fax: (202) 540-2208
gabew@petaf.org

Matthew Strugar*
PETA Foundation
2154 Sunset Boulevard
Los Angeles, CA 90026
Tel: (323) 210-2263
Fax: (213) 484-1648
matthews@petaf.org

*Attorneys for Plaintiff*

*Motions for Admission *Pro Hac Vice*
forthcoming